[File No. 6919]

GENE WOBBE, Respondent, v. WORKMEN'S COMPENSATION BUREAU OF THE STATE OF NORTH DAKOTA, Appellant.

(13 NW(2d) 712)

Opinion filed March 24, 1944. Rehearing denied April 13, 1944

*Alvin C. Strutz,* Attorney General, and *P. B. Garberg,* Assistant Attorney General, for appellant.

*Sinness & Duffy,* for respondent.

BURR, J. September 22, 1941, plaintiff applied to the bureau for an award, basing his application upon the claim that he was an employee of the Fairmont Creamery Company, insured by the bureau, and while in the course of his employment he had a "recurrence of a duodenal ulcer attributed to tasting cream and lifting cream cans."

The bureau dismissed the application on the ground that the "injury, disease, or affliction suffered is not fairly traceable to his employment."

On appeal to the district court, the holding of the bureau was reversed. Judgment was entered accordingly and the bureau appeals.

The applicant had been an employee of the Fairmont Creamery Company since 1928, working in the produce department until 1941. He did not work as a cream tester until March, 1941. In 1937, he was suffering from ulcers of the stomach, was placed upon the appropriate diet, and his attending physician considered him healed. He had a recurrence in 1938. He returned to his diet and apparently the condition cleared up. In 1941, he says, it "flared up in June," and he immediately went back to the diet already prescribed, having abandoned that diet for two years. In September, he had a hemorrhage of an ulcer, was operated thereon in the following January, and was cured.

His claim is that the tasting of the cream caused a recurrence of the ulcerous condition; and there is also a suggestion that in the discharge of his duties as cream tester he was compelled to lift the cans of cream, which weighed about 105 pounds each on an average, and that this may have caused the hemorrhage. In respect to this latter proposition, it is sufficient to say that plaintiff himself says he knows of no injury to

his abdomen, and there is nothing which indicates that the hemorrhage was caused by the lifting of the cans of cream. It is purely speculative because of the fact that a hemorrhage of an ulcer is at times caused by accident and strain. No accident nor strain was shown in this case.

It is clear from the record that the claim of the applicant must be determined in the light of the contention that this recurrence of ulcers was such an "injury" as is defined in § 1, chap 305, Sess Laws of 1941. Injury may be caused by the willful act of a third person; but under the terms of the statute, "The term 'injury' includes in addition to an injury by accident, *any disease which can be fairly traceable to the employment.* Compensation shall not be paid, however, for any condition which existed prior to the happening of a compensable injury or for any disability chargeable to such condition. *Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where said disease follows as an incident to and in its inception is caused by a hazard to which an employee is subjected in the course of his employment. A disease shall be deemed to be fairly traceable to the employment if there is apparent to the rational mind upon consideration of all the circumstances, a direct, causal connection between the conditions under which the work is performed and the disease,* and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment and which can be fairly traced to the employment."

An ulcer of the stomach is one of the ordinary diseases of life. The drinking of milk and cream is part of the diet recognized by the medical fraternity, according to the statements of all the doctors who testified. The ulcerous condition existed years before the applicant became a cream tester. It would appear to be cured, then there would be a recurrence and subsidence, then another outbreak which ended with the treatment in January, 1942. There is an entire failure of proof to show that this ulcerous condition, specified as happening in 1941, followed as an incident to and had its inception in a hazard to which the employee was subjected in the course of his employment. There is no proof by which it can be said the ulcerous condition is fairly trace-

able to his employment as a cream tester. The medical testimony does not show that the condition followed as a natural incident to his work. The judgment therefore is reversed and the action is dismissed.

MORRIS, Ch. J., and CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.